# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-618V
UNPUBLISHED

| | |
|---|---|
| MARSHA WHITE,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: August 16, 2023<br><br>Show cause; failure to prosecute; influenza (flu) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jonathan J. Svitak*, Shannon Law Group, Woodridge, IL, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On January 12, 2021, Marsha White filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration from an influenza vaccine she received on October 6, 2020. ECF No. 1. Petitioner did not file any supporting documents with her petition. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

On February 5, 2021, the PAR Initial Order issued requiring Petitioner to file medical records and other statutorily required supporting documentation. ECF No. 5.

In Petitioner's fifth motion for extension of time filed on October 22, 2021, Petitioner's counsel indicated that Petitioner's caretaker had passed away making communication difficult with Petitioner. ECF No. 11. In the next motion for extension of time filed on December 21, 2021, counsel stated that he "has made numerous attempts to get in contact with Petitioner, but has not been able to over the past several months." ECF No. 12. Counsel requested additional time before moving for dismissal of the claim.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In the next motion for extension of time filed on February 18, 2022, counsel stated that he "has not been able to get in contact with petitioner or her alternate contacts for several months" and that he "cannot move forward with the PAR process without cooperat[ion] from Petitioner in the execution of her affidavit, PAR form, and updates on her treatment." ECF No. 13. Counsel again requested more time before moving for dismissal.

On March 22, 2022, Petitioner's counsel filed a status report indicating that he "has been attempting to complete this Court's PAR process but has encountered unforeseen delays" and "seeks the Court's guidance with how to best proceed under the current circumstances." ECF No. 14. Via informal communications, an OSM Staff Attorney explained to counsel the current procedures for handling vaccine cases where the petitioner has become unresponsive to her attorney.

On July 24, 2022, counsel filed a status report indicating that he has been unable to communicate with Petitioner or her alternate contact, her sister, since January 2021. ECF No. 15. Counsel detailed the numerous attempts to contact Petitioner.

On August 31, 2022, I issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 16. On September 21, 2022, counsel indicated that the Order to Show Cause had been served on Petitioner at her last known address, but counsel had not yet received a signed certified mail receipt. ECF No. 17. Counsel requested additional time to file the receipt. On October 5, 2022, the Clerk's Office docketed that the Order to Show Cause served on Petitioner by the Court had been returned because it was "unclaimed, unable to forward." ECF No. 18. The show cause deadline passed without any response from Petitioner.

**Grounds for Dismissal**

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the August 31, 2022 Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her

counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the response to the Order to Show Cause, Petitioner has been out-of-touch with her counsel since at least January 2021. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."